IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:25-mj-00139-CYC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JOSE CABRAL-GONZALEZ,

    Defendant.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    The government moves to dismiss the complaint against the above-captioned defendant. ECF Nos. 3, 7. The Court grants the motion and dismisses the complaint with prejudice.

    On July 21, 2025, the government sought and was granted a criminal complaint against the defendant for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). ECF No. 1. Three months later, the government moved to dismiss. ECF No. 3. The motion did not indicate whether it sought dismissal with or without prejudice. *Id.*

    Federal Rule of Criminal Procedure 48(a) permits the government "with leave of court" to "dismiss an indictment, information, or complaint" prior to trial. "But if appropriate in light of the purposes of Rule 48(a), a court can grant the motion on the condition that dismissal be *with prejudice*—ensuring that the charges, once dropped, cannot be resurrected." *United States v. Adams*, 777 F. Supp. 3d 185, 214 (S.D.N.Y. 2025). "In exercising their discretion to dismiss with prejudice under Rule 48(a), courts have generally looked to the same principles that motivate the 'leave of court' requirement." *Id.* at 214–15. Those principles are "primarily intended to protect a

1

defendant from prosecutorial harassment," but also "permit[] courts faced with dismissal motions to consider the public interest in the fair administration of criminal justice and the need to preserve the integrity of the courts." *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985).

The government's motion to dismiss states that "although the electronic databases noted in the affidavit of probable cause show that the defendant is an alien of the United States, there is no documentary proof of citizenship or nationality that would be admissible in court." ECF No. 3 at 1. Virtually identical language has appeared in two other government motions to dismiss complaints charging illegal reentry filed before the undersigned. *See* Motion To Dismiss Complaint, *United States v. Quintanilla-Artero*, No. 25-mj-00140-CYC (D. Colo. Aug. 6, 2025), Dkt. No. 14; Motion To Dismiss Complaint, *United States v. Hernandez-Rodriguez*, No. 25-mj-00148-CYC (D. Colo. Sep. 30, 2025), Dkt. No. 3. Given that there are six full-time magistrate judges randomly hearing criminal cases in Denver, other parallel examples almost certainly exist.

To address this recurring phenomenon, the Court held a hearing on the motion, ECF No. 4, and inquired of the government how its charging practices in these cases were consistent with the requirement that a government attorney assess "that the admissible evidence will probably be sufficient to obtain and sustain a conviction" prior to commencing federal prosecution. U.S. Dep't of Just., Just. Manual § 9-27.220. That guideline "sets forth the longstanding threshold requirement from the *Principles of Federal Prosecution* that a prosecutor may commence or recommend federal prosecution only if he/she believes that the person will more likely than not be found guilty beyond a reasonable doubt by an unbiased trier of fact and that the conviction will be upheld on appeal." *Id.* The Court therefore required a supplemental pleading to explain the government's compliance with that provision. *See* ECF No. 4.

Rather than doing so, the government's supplemental pleading essentially admits non-compliance. It recognizes that, as to "[t]he defendant's status as an alien," which is "one of the four elements of the crime of illegal re-entry," it lacks sufficient evidence "to prove it beyond a reasonable doubt." ECF No. 7 at 2. What is more, it concedes that "whether admissible evidence of this fact would be readily available . . . was not known to the United States at the time the criminal complaint was sought." *Id.* at 2. Such practices raise the "concern that 'prosecutors have rushed to charge cases before properly investigating them . . . .'" *United States v. Butler*, No. 1:25-cr-00256 (ZMF), 2025 WL 2835678, at *2 (D.D.C. Oct. 3, 2025) (quoting *United States v. Beidleman*, No. 25-cr-270, 2025 WL 2803850, at *1 (D.D.C. Oct. 1, 2025)). That, in turn, weighs in favor of a dismissal with prejudice. *See id.* at *3.

To be sure, the Justice Manual "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal." U.S. Dep't of Just., Just. Manual § 1-1.200. And "[i]n our system of separation of powers, the role of the judiciary is to 'say what the law is,'" *Adams*, 777 F. Supp. 3d at 213 (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178 (1803)), "not to 'take Care that the Laws be faithfully executed.'" *Id.* (quoting U.S. Const. art. II, § 3). Accordingly, "a court cannot fail to grant leave [to dismiss] simply because it disagrees with the prosecutor's substantive choices as to what merits prosecution." *United States v. Madzarac*, 678 F. Supp. 3d 42, 46 (D.D.C. 2023). Accordingly, denial of the motion to dismiss falls outside of the Court's discretion. But in choosing between with-prejudice and without-prejudice dismissal, a court considers "the '*effect* [that dismissal without prejudice] has on the defendant.'" *Adams*, 777 F. Supp. 3d at 218 (quoting *Madzarac*, 678 F. Supp. 3d at 46)). Here, that effect would be to subject the defendant to future potential arrest and prosecution for a case that the government cannot —

and apparently never knew that it could — prove. There is nothing to gain from preserving that possibility.

The government's Motion To Dismiss Complaint, ECF No. 3, and Supplemental Motion To Dismiss Complaint and Quash Arrest Warrant, ECF No. 7, are therefore **GRANTED**. It is further **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated this 13th day of November, 2025 at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge